UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MID-CONTINENT CASUALTY COMPANY,

            Plaintiff,

-vs-                                          Case No. 2:07-cv-258-FtM-99SPC

AMERICAN PRIDE BUILDING COMPANY,
LLC; AMERICAN PRIDE BUILDING CO., LLC;
AMERICAN PRIDE BUILDER, LLC; GROFF
CONSTRUCTION, INC.,

            Defendants.
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This matter comes before the Court on the Plaintiff, Mid-Continent Casualty Company's Bill of Costs Construed as a Motion for Costs (Doc. # 84) filed on February 26, 2009. The Defendant, American Pride Building Company, LLC's Motion Objecting to the Plaintiff's Requested Costs to the Defendant (Doc. #85) filed on February 27, 2009. The matter was referred to this Court by the District Court on February 8, 2010. The Motion is now ripe for review by this Court.

## FACTS

This case was originally filed on April 25, 2007, alleging the Defendants committed copyright infringement and made an unfair competition claim. On February 3, 2009, United States District Court Judge, the Honorable Paul A. Magnuson, entered summary judgment (Doc. # 76) in favor of the Plaintiff Mid-Continent Casualty against the Defendant. Judgment (Doc. # 77) was

entered by the Clerk of the Court on February 4, 2009.  The Plaintiff subsequently filed a Motion for Costs as the prevailing party.

## DISCUSSION

On February 26, 2009, the Plaintiff filed a Bill of Costs (Doc. # 84) requesting costs be reimbursed as follows:

> Fees of the Clerk.................................................................................................$350.00
>
> Fees for Service and Subpoena.................................................................$1,642.00
>
> Fees for Printed or Electronically Recorded Transcripts.............................$4,101.75
>
> Fees and Disbursements for Printing.................................................................None
>
> Fees for Witnesses...................................................................................$36,491.38
>
> Fees for Exemplification and Coping Costs..............................................$18,525.47
>
> **Total Costs and Fees**.............................................................................$61,110.60

The Plaintiff, as the prevailing party now moves the Court to assess costs pursuant to Fed. R. Civ. P. 54(d), 28 U.S.C. § 1920, M.D. Fla. Local Rule 4.18, and 28 U.S.C. § 1927,  against the Defendant American Pride.

### *(1) Costs Under Fed. R. Civ. P. 54(d) or 28 U.S.C § 1920*

Determining whether a party is entitled to an award of costs under Rule 54(d) are the same for determining whether a prevailing party is receiving fees under 42 U.S.C. § 2000e-5(k). Stewart v. Town of Zolfo Springs, 1998 WL 776848 * 2 (M.D. Fla. September 16, 1998) (citing Henley v. Eckert, 461 U.S. 424, 433 n. 7, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983)).  The recovery under Rule 54(d) is however, limited to the specific costs allowed under 28 U.S.C. § 1920. Id. These are known as recoverable statutory costs. Id.  Any expenses beyond recoverable statutory costs or the fees

awarded to compensate for an attorney's time should be pursued under 42 U.S.C. § 2000e-5(k). Id. Such expenses are known as non-statutory and are subsumed within the concept of a reasonable attorney's fees. Id. (citing Allen v. Freeman, 122 F.R.D. 589, 591 (S.D. Fla. 1988).

Twenty eight U.S.C. § 1920 reads in pertinent part:

> [a] judge or clerk of any court of the Untied States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
>
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.
>
> A bill of costs shall be filed in the case and, upon allowance, included in the judgment decree.

Trial courts are accorded great latitude in ascertaining taxable costs, however, absent explicit statutory authorization, federal courts are limited to taxing costs specifically enumerated in 28 U.S. § 1920. EEOC v. W & O, Inc., 213 F. 3d 600, 620 (11th Cir. 2001). Furthermore, it is within the court's discretion to deny a full award of costs; however, the court must have and state a sound reason for doing so. Chapman v. A.I. Transport, 229 F. 3d 1012, 1039 (11th Cir. 2000).

### *(a) Fees of the Clerk and Marshal*

The Plaintiff states that it is entitled to reimbursement for the $350.00 filing fee for bringing this case. The Court's filing fee is allowed under § 1920(1), and therefore, the $350.00 should be reimbursed.

The Plaintiff also argues that it should be reimbursed for $1,642.00 in service and subpoena fees charged by private process servers. The Defendant argues that the amount of fees charged for service is excessive and that many of the fees were paid for duplicitous service.

The Eleventh Circuit has held that private processor server fees may be taxed pursuant § 1920(1). Id. at 624. However, the Plaintiff has numerous rush fees included in its application for costs, and § 1920(1) does not provide for the recovery of costs incurred as a result of rush service of subpoenas. Blanco v TransAtlantic Bank, 2009 WL 2834947 * 2 (S.D. Fla. June 11, 2009). In this instance the Plaintiff has filed invoices from Metro Processing Service, Inc. in Miami, Florida, with $220.00 in rush service charges. Those charges should be denied under § 1920(1). Thus the amount allowed for cost reimbursement for service by a private process server should be reduced to $1,422.00.

### *(b) Fees for Printed or Electronically Recorded Transcripts*

The Plaintiff seeks reimbursement for $4,101.75 for printed or electronically recorded transcripts. Pursuant to § 1920(2) fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case can be claimed as costs. The Plaintiff supported the fees with invoices from the various court reporters. However, costs for only one copy of each transcript will be awarded. Tesler v. Costa Crociere S.p.A., 2009 WL 1851091 * 3 (S.D. Fla. June 29, 2009).

The Plaintiff included costs for the transcript and for having the transcript placed on CD. The Plaintiff included seven (7) CD litigation packages at a cost of $35.00 each for a total of $245.00 in its requests for costs. The CD litigation packages are not allowed under § 1920. Id. Thus, the Plaintiff's claim for court reporter fees and transcripts should be paid pursuant to the statute's guidelines but the amount should be reduced by $245.00 to $3,856.75.

### *(c) Fees and Disbursements for Printing and Witnesses*

The Plaintiff did not request any fees or disbursements for printing, but did request $36,491.38 in witness fees. The Defendant argues that the witness fees sought by the Plaintiff are expert witness fees and therefore, they are not covered under this sub-section of § 1920. A review of the Plaintiff's receipts for the submitted witness fees appear to be for expert witnesses. The Defendant continues that these witnesses never testified and that their testimony was not used to support the Plaintiff's Motion for Summary Judgment.

In support of its claim for costs, the Plaintiff submitted fees from Burell & Associates, an accounting firm, in the amount of $28,867.50, from Glickman, Witters and Marell, PA., a law firm for $632.50, for a 2.3 hour deposition, from JP/Inscon Group, Inc. for $4,750.00, for consultanting/expert witness services, and a receipt from Paul J. Del Vecchio, a construction consulting firm, for $2,241.38. Based upon the information in the receipts, the court respectfully recommends that the costs submitted for witness fees were in fact expert witness fees and not recoverable under § 1920 (3). Additionally, pursuant to § 1920(6), the only expert witness fees that are recoverable under the statute are the experts expressly called by the court. Thus, it is respectfully recommended that the witnesses fees submitted in the amount of $36,491.38, by the Plaintiff should be disallowed.

### *(d) Fees for Exemplification and Coping Costs*

The Plaintiff submitted costs for copying and exemplification in the amount of $18,525.47. The Defendant objects to the fee amount noting that at ten cents (.10) a page the Plaintiff would have had to make over 180,000 copies to reach that amount. However, much of expense of making copies in this case came from the copying of blueprints which can be quite expensive. The Plaintiff submitted copying receipts from Black's Photocpoy Service in the amount of $1,666.62, and $8,052.34 for copying and CD-Rom duplication for copies of over 120 blueprints. In addition to the blueprint copies, the Plaintiff submitted photocopying receipts from Entire Solutions, Inc. for copying approximately 26,457 pages, as well as additional fees for Bates stamping and copying to PDF files over 20,000 pages. Thus, it is respectfully recommended that the Plaintiff sufficiently supported its copying cost of $18,525.47, and the amount should be paid pursuant to § 1920(4).

### (2) *Whether Witness Fees Should be Paid Under 28 U.S.C. § 1927*

The Plaintiff also moves for costs and fees pursuant to 28 U.S.C. § 1927. The statute reads in pertinent part:

> [a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys fees reasonably incurred because of such conduct.

28 U.S.C. § 1927.

In determining the propriety of a bad faith fee award, the inquiry focuses on the conduct and motive of the party filing the motion rather than on the validity of the case. Kreager v. Solomon & Flanagan, P.A., 775 F. 2d 1541, 1543 (11th Cir. 1985). The plain language of § 1927 makes clear

that this section is not a "catch-all" provision for sanctioning objectionable conduct by counsel. Schwartz v. Million Air, Inc., 341 F.3d 1220, 1225 (11th Cir. 2003). To justify an award of sanctions pursuant to § 1927, an attorney must engage in unreasonable and vexatious conduct; the conduct must multiply the proceedings, and the amount of the sanction cannot exceed the costs occasioned by the objectionable conduct. Id. For sanctions under § 1927 to be appropriate, something more than lack of merit is required. Id. (citing McMahon v. Toto, 256 F.3d 1120, 1128 (11th Cir. 2001) *amended on reh'g* 311 F.3d 1077 (11th Cir. 2002) *cert denied* Nemesis Veritas, L.P. v. Toto, 539 U.S. 914, , 123 S. Ct. 2273, 156 L. Ed. 2d 129 (2003)). The statute was designed to sanction attorneys who willfully abuse the judicial process by conduct tantamount to bad faith. Malautea v. Suzuki Motor Co., Ltd., 987 F.2d 1536, 1544 (11th Cir. 1993).

Bad faith is the touchstone, § 1927 is not about mere negligence. Schwartz, 341 F.3d at 1225. A determination of bad faith is warranted where an attorney knowingly or recklessly pursues a frivolous claim or engages in litigation tactics that needlessly obstruct the litigation of non-frivolous claims. Id. (citing Thomas v. Tenneco Packaging Co., Inc., 293 F.3d 1306, 1320 (11th Cir. 2002)).

The Plaintiff argues the Defendant acted in bad faith and vexatiously in this action by secretly negotiating a settlement of the underlying case without the Plaintiff's consent. The Plaintiff states such an act likely violated the terms of the cooperation clause. However, a review of Judge Magnuson's Summary Judgment Order (Doc. # 76) does not show that American Pride acted in a vexatious manner that knowing and needlessly obstructed this litigation. While Judge Magnuson found that the Defendant's action in settling the underlying case without the Plaintiff's knowledge breached the terms of the policy between Mid-Continent and American Pride, merely losing the issue

on summary judgment does not entitle the prevailing party to fees and costs. Head v. Medford, 62 F. 3d 351, 356 (11th Cir. 1995).

Furthermore, the Plaintiff is alleging vexatious conduct based upon events that occurred prior to the Plaintiff initiating the lawsuit and were in fact the acts that brought about this litigation. The language of § 1927 makes clear that it only applies to unnecessary filings after the lawsuit has begun and does not apply to initial pleadings. Corwin v Walt Disney World, Company, 2008 WL 754697 * 16 (M.D. Fla. March 18, 2008). The Plaintiff's argument fails to establish the required conduct to impose sanctions pursuant to § 1927 and therefore, it is respectfully recommended that no fees or costs be awarded under § 1927.

*(3) Whether Interest Should be Charge on the Costs*

The Plaintiff also moves the Court for interest on the costs beginning from the initial entry of judgment on February 4, 2009. The Eleventh Circuit has held that when a district Court taxes costs against a losing party, the award of costs bears interest from the date of the original judgment. Georgia Association of Retarded Citizens v. McDaniel, 855 F. 2d 794, 799 (11th Cir. 1988).

Accordingly, it is now

**RESPECTFULLY RECOMMENDED:**

(1) The Plaintiff, Mid-Continent Casualty Company's Bill of Costs Construed as a Motion for Costs (Doc. # 84) should be **GRANTED in part and DENIED in part**.

(2) The Defendant, American Pride Building Company, LLC's Motion Objecting to the Plaintiff's Requested Costs to the Defendant (Doc. #85) should be **GRANTED in part and DENIED in part**.

(3) The Fees and Costs should be paid as Follows:

(a) Fees of the Clerk in the amount of **$350.00** should be **GRANTED**.

(b) Fees for Service and Subpoena should be reduced by $220.00 and **GRANTED** in the amount of **$1,422.00**.

(c) Fees for Printed or Electronically Recorded Transcripts should be reduced by $245.00 and **GRANTED** in the amount of **$3,856.75**.

(d) Fees for Witnesses in the amount of $36,491.38 should be **DENIED**.

(e) Fees for Exemplification and Coping Costs should be **GRANTED** in the amount of **$18,525.47.**

(f) Total Costs and Fees Awarded should be **GRANTED** in the amount of **$24,154.22 plus interest** dating from February 4, 2009.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**Respectfully recommended** at Fort Myers, Florida, this  18th  day of February, 2010.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record